John ZSENYUK, Plaintiff—Appellant,

v.

CITY OF CARSON, Defendant—Appellee.

No. 03–15746.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 14, 2004.

Decided May 21, 2004.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Jeffrey A. Dickerson, Esq., Reno, NV, for Plaintiff–Appellant.

Melanie Bruketta, Carson City District Attorney's Office, Carson City, NV, for Defendant–Appellee.

Before: B. FLETCHER, FISHER, Circuit Judges, and ROLL, District Judge.[*]

## MEMORANDUM [**]

John Zsenyuk, former deputy sheriff for the City of Carson ("the City"), appeals the district court's summary judgment in favor of the City in an action brought for retaliation under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq., and for denial of access to the courts under 42 U.S.C. § 1983. Zsenyuk alleged that he was harassed after returning to work from a month-long FMLA-protected leave. In addition, he claimed that the City's termination of him after he brought suit violated his First Amendment rights of access to the courts and free speech. Zsenyuk argues on appeal that summary judgment was inappropriate because genuine issues of material fact remain on the element of causation, given the temporal proximity between the protected activities and the alleged harassment and termination. We disagree, and affirm the grant

[*] The Honorable John M. Roll, United States District Judge for the District of Arizona, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of summary judgment. Because the facts are familiar to the parties, we do not recite them here.

We have jurisdiction under 28 U.S.C. § 1291, and review a district court's grant of summary judgment de novo. *Coszalter v. City of Salem,* 320 F.3d 968, 973 (9th Cir.2003).

■ We have previously held that complaints alleging adverse employment actions taken against employees because they have used FMLA leave should not be construed as claims of retaliation or discrimination, but rather as claims of interference with rights guaranteed by the statute. *Bachelder v. America West Airlines, Inc.,* 259 F.3d 1112, 1124 (9th Cir.2001). The appropriate legal framework to analyze Zsenyuk's claims, therefore, is not the burden-shifting approach of traditional anti-discrimination law, but rather the much simpler standard derived from the applicable statute and regulation. *See Bachelder,* 259 F.3d at 1124–25 (construing 29 U.S.C. § 2615(a)(1) and its implementing regulation, 29 C.F.R. § 825.220(c)).

■ In other words, Zsenyuk need only establish, by a preponderance of the evidence, that (1) he took FMLA-protected leave; (2) he suffered adverse employment actions; and (3) the adverse actions were causally related to his FMLA leave. *Id.; see also Conoshenti v. Public Serv. Elec. & Gas Co.,* 364 F.3d 135, 146–47 (3d Cir.2004) (adopting the *Bachelder* approach). Both parties agree that the first two elements are satisfied in this case. The City, however, denies causation, asserting that Zsenyuk was disciplined and fired because of his inability to perform his job, not because he took one month of FMLA-protected leave.

In his complaint, Zsenyuk lists twelve instances of alleged adverse employment actions and retaliatory conduct. Even as-

suming that all twelve qualify as adverse employment actions, Zsenyuk has not met his burden of establishing a genuine issue on causation. He presented no direct evidence of causation, and the only circumstantial evidence offered is the temporal proximity between his assertion of FMLA rights and the first three instances of alleged interference listed in his complaint. These three incidents or actions all took place after Zsenyuk returned to duty after taking FMLA leave. All three, however, were part or product of an investigation of Zsenyuk's conduct which began some time before his surgery—before he requested and eventually received FMLA leave. Zsenyuk has offered no evidence that the conduct of and result of the investigation were influenced by his exercise of rights under the FMLA, and his assertion of temporal proximity is undermined—if not nullified—by the fact that the investigation pre-dated his leave. Zsenyuk presented no other evidence that the other adverse actions were causally connected to his FMLA leave in late 1998, instead of being the legitimate disciplinary actions described by the City and found valid by the district court. We conclude that the district court properly granted summary judgment to the City, because Zsenyuk failed to demonstrate that material issues of fact exist on the question of causation.

■ Zsenyuk's First Amendment claim is similarly flawed. Under the law of this circuit, Zsenyuk must first show that his conduct in bringing suit was protected by the First Amendment; and second, that it was a substantial or motivating factor in the decision to terminate his employment. *Gillette v. Delmore,* 886 F.2d 1194, 1197 (9th Cir.1989). If he meets this threshold, the City is nevertheless entitled to summary judgment if it can demonstrate that it would have made the same decision in the absence of the protected conduct. *Id.; Soranno's Gasco, Inc. v. Morgan,* 874 F.2d 1310, 1315 (9th Cir.1989).

Zsenyuk cannot demonstrate that his suit was a substantial or motivating factor in the decision to terminate him. While the inference from temporal proximity is stronger here—he filed suit in July 2001, and was terminated in December 2001—he has offered no other evidence of causation. Moreover, intervening incidents that reflected poorly on his driving abilities and professional conduct occurred in November 2001, just before his termination. If there is any temporal proximity inference to be drawn here, therefore, it cuts against Zsenyuk, not in his favor. Last, Zsenyuk's record of traffic accidents and repeated violations of general orders over the span of his career were sufficient grounds for the City's decision to fire him. His claims of retaliation and denial of access to the courts fail. The totality of the facts therefore form such a clear picture that the district court was justified in granting summary judgment on the issue of retaliatory motive, despite the arguable temporal proximity of Zsenyuk's lawsuit. *See Coszalter*, 320 F.3d at 978.

**AFFIRMED.**